UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00343-RGK-ACCV | Date | January 29, 2026 |
|---|---|---|---|
| Title | *Mehakpreet Singh v. Ernesto Santacruz Jr. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [6]

## I. INTRODUCTION

On January 27, 2026, Mehakpreet Singh ("Petitioner") filed a Petition for Writ of Habeas Corpus against Ernesto Santacruz, Jr., Kristi Noem, Pamela Bondi, the Warden of Adelanto Immigration and Customs Enforcement ("ICE") Processing Center, the U.S. Department of Homeland Security, and the Executive Office for Immigration Review (collectively, "Respondents"). (ECF No. 1.) On January 28, 2026, Petitioner filed the present *Ex Parte* Application for a Temporary Restraining Order ("Application"). (ECF No. 6.) Petitioner, a noncitizen who had been charged as inadmissible for being present in the United States without having been admitted, is currently in ICE custody.

Petitioner seeks the Court's order that Petitioner be immediately release from custody or be provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). For the following reasons, the Court **DENIES** the Application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. DISCUSSION

Petitioner seeks the Court's order requiring that Petitioner be immediately released from custody or be provided with an individualized bond hearing before an immigration judge. However, Petitioner fails to meet the standard needed to justify *ex parte* relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00343-RGK-ACCV | Date | January 29, 2026 |
|---|---|---|---|
| Title | *Mehakpreet Singh v. Ernesto Santacruz Jr. et al* | | |

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

Petitioner fails to establish why his *Ex Parte* Application cannot be calendared in the usual manner. In the TRO, Petitioner stated he was detained "sometime in late 2025" but failed to articulate why he now requires immediate action through the *ex parte* process. (Application at 4.) Petitioner alleges no facts that specify why the Court *must* grant him relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet his burden under the first element of the *Mission Power* test, and *ex parte* relief is not justified.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |